Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Incyte Corporation and*
*Incyte Holdings Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INCYTE CORP. and INCYTE HOLDINGS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC., <br><br> Defendant. | **Civil Action No. 24-4366 (CPO)(MJS)** <br><br><br> **(Filed Electronically)** |
| INCYTE CORP. and INCYTE HOLDINGS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC., <br><br> Defendant. | **Civil Action No. 25-4044 (CPO)(MJS)** <br><br><br> **(Filed Electronically)** |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (collectively, "Incyte") and

Defendant Apotex Inc. ("Apotex") hereby submit their Joint Claim Construction and Prehearing

1

Statement in accordance with Local Patent Rule 4.3 and the Scheduling Order (Civil Action No. 24-4366, Dkt. No. 86; Civil Action No. 25-4044, Dkt. No. 69).[1]

### A. AGREED-UPON CLAIM CONSTRUCTIONS

The parties agree to the below construction of the following term:

| Term (Claims) | Construction |
|---|---|
| "a pharmaceutically acceptable salt"<br><br>('257 Patent claims 1-8)<br>('362 Patent claims 1-21) | Plain and ordinary meaning, which is "a derivative of the disclosed compounds wherein the parent compound is modified by converting an existing acid or base moiety to its salt form that is, within the scope of sound medical judgment, suitable for use in contact with the tissues of human beings and animals without excessive toxicity, irritation, allergic response, or other problem or complication, commensurate with a reasonable benefit/risk ratio." |

### B. DISPUTED CLAIM TERMS[2]

The parties dispute the construction of the following term:

| Term (Claims) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| "a compound which is [3-Cyclopentyl-3-[4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-lH-pyrazol-1- | Plain and ordinary meaning, which is "a compound whose chemical structure is [3-Cyclopentyl-3-[4-(7H- | No construction required.<br><br>To the extent Plaintiffs maintain that construction is |

---

[1] Apotex submits that claim construction proceedings in Case No. 24-4366 were closed on February 6, 2025 when the parties submitted the JCCPS stating, *inter alia*, "[t]he parties do not seek construction of any claim terms." (D.I. 56, Case No. 24-4366). In Apotex's view, it has been clear from the parties' submissions and during the August 20, 2025 status conference with Your Honor, that the claim construction deadlines entered by the Court on August 22, 2025 were for any claim construction proceedings in the 25-4044 matter only. As such, Plaintiffs do not get a "do over" on their claim construction positions from Case No. 24-4366.

[2] In connection with L. Pat. R. 4.3(b), exhibited hereto as Exhibits A & B are Incyte's and Apotex's disclosures (respectively) made under L. Pat. R. 4.2(a)-(c).

| Term (Claims) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| yl]propanenitrile/(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile]" / "(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile"<br><br>('257 Patent, claims 1, 2, 5-8)<br>('362 Patent, claim 1-3, 13, 15, 21)<br>('693 Patent, claims 1-10)<br>('481 Patent, claims 1-28)<br>('013 Patent, claims 1-14) | pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl]propanenitrile/ (R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile]"/ "(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile."<br><br>**The plain and ordinary meaning of this term does not include hydrates, solvates, prodrugs, and labelled compounds.** | required, this term should be construed according to its plain and ordinary meaning, which is "a compound whose chemical structure is [3-Cyclopentyl-3-[4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl]propanenitrile/ (R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile]"/ "(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile." |

**Plaintiffs' Position:**

Incyte's position that all asserted claims that recite the chemical name of ruxolitinib refer to that specific compound and do not include within their scope hydrates, solvates, prodrugs, and labelled compounds is consistent with the position it has taken since before Incyte served its Local Patent Rule 4.1(a) disclosures in the -4044 case on October 6, 2025. *See, e.g.*, Sept. 23, 2025 Letter from Brown-Marshall at 2.[3] In fact, Incyte's September 23, 2025 letter explicitly stated Incyte's understanding that "[t]he plain and ordinary meaning does not include hydrates, solvates, prodrugs, and labelled compounds." *Id*. Incyte has consistently maintained its position in subsequent correspondence. *See, e.g.*, Oct. 17, 2025 E-mail from Brown-Marshall ("Unless Apotex is willing to agree that the 'compound' terms do not include hydrates, solvates, prodrugs,

---

[3] The parties would be happy to submit copies of their correspondence to the Court upon request.

and labelled compounds, further disclosures and efforts related to construction are necessary so that the Court can resolve this dispute.").

The parties' engagement on this issue, including the position taken by Apotex in this Joint Claim Construction and Prehearing Statement, has made clear that Apotex disputes this understanding. Apotex's claim that it agrees with Incyte regarding the plain and ordinary meaning of the term is inconsistent with the positions Apotex disclosed in its invalidity contentions. Accordingly, Incyte sought clarification of Apotex's position. It became clear from this exchange that Apotex did not agree with Incyte on the scope of this term, but rather sought to expand the term's plain and ordinary meaning to include hydrates, solvates, prodrugs and labelled compounds. Accordingly, "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

Contrary to Apotex's position, Apotex's failure to be frank on its position required Incyte to include clarifying language in its proposed construction. Incyte's inclusion of this clarifying language in its claim construction disclosures pursuant to Local Patent Rule 4.2(c) is also consistent with the intention of the Local Patent Rules to guide the parties through a process of refining their positions to best present them to the Court. The Local Patent Rules specifically contemplate that parties can refine their constructions after their initial exchanges and before submission of the Joint Claim Construction and Prehearing Statement. Specifically, Local Patent Rule 4.2(a) expressly states that the parties shall simultaneously exchange "preliminary" proposed constructions, and Local Patent Rule 4.2(d) expressly states that the "parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement." Incyte also made numerous offers to meet and confer to

discuss its positions (*see, e.g.,* Oct. 17, 2025 E-mail from Brown-Marshall; Oct. 23, 2025 E-mail from Burgener), but Apotex declined these offers to meet-and-confer. Incyte therefore could rely only on the parties' correspondence and disclosures to refine its preliminary position to explicitly address a key disputed issue for the Court by including language on which Apotex was plainly on notice based on the parties' correspondence.

Moreover, Plaintiffs are not aware of any case where a claim construction proposal disclosed to an adversary before submission of the Joint Claim Construction and Prehearing Statement was deemed untimely or waived. To the contrary, it is routine for parties to refine their positions after exchanging their preliminary proposals, as the purpose of the iterative process under the Local Patent Rules is to crystallize the issues for the court and "to allow for maximum consideration of all evidence to permit the fact finder to make an educated and informed decision." *Janssen Prod., L.P. v. Lupin Ltd.*, No. 10-5954, 2013 WL 3772655, at *3 (D.N.J. July 16, 2013). To that end, this District routinely permits parties to clarify or refine their initial constructions where doing so focuses the dispute for the Court. *See ICI Uniqema, Inc. v. Kobo Prods., Inc.*, No. 06-2943, 2009 WL 2496857, at *1-2 (D.N.J. Aug. 13, 2009) ("At oral argument, the parties further clarified and narrowed the number of terms in dispute."). Accordingly, Incyte is not taking a "shifting sands approach" to claim construction—instead, it has fully disclosed and refined its position to clarify and narrow the dispute for the Court, as required by the Local Patent Rules. Finally, and because of all of the above reasons, Apotex's claim that Incyte's position is a manufactured dispute intended to stretch out the schedule is unfounded and without merit.

**Defendant's Position:**

The only term Plaintiffs contend is in dispute is the chemical name for ruxolitinib. However, as set forth in Apotex's October 7, 2025 letter to the Court (*see* ECF No. 76, Case No.

25-cv-4044), Plaintiffs' purported "claim construction dispute" is nothing more than Plaintiffs' transparent effort to complicate this process and pretend there is a claim construction dispute in order to draw out the schedule in the 25-cv-4044 matter. However, Plaintiffs selectively ignore that Plaintiffs have already "previously agreed that all claim terms"—including the two terms proposed here by Plaintiffs—"carry their plain and ordinary meaning…. Thus, no terms for construction were identified, and the parties agreed that *Markman* proceedings were unnecessary in Civil Action No. 24-4366." (ECF 93 at 1, Case No. 24-cv-4366). As described in more detail below, Apotex agreed with Plaintiffs then and agreed with Plaintiffs plain and ordinary meaning now. However, Plaintiffs have injected a question on the merits of invalidity and infringement into an agreed-upon proposed construction by adding additional language at the last minute to its "proposed construction" in order to manufacture this dispute.

Plaintiffs also selectively ignore that they explicitly took a contrary position to their position above in their responses to Apotex's invalidity contentions on these same patents with the same patent terms. Specifically, Plaintiffs conceded that the claims of the '257 patent cover, e.g., hydrates of the ruxolitinib compound. (*See, e.g.*, Plaintiffs' Responses to Invalidity Contentions, dated December 12, 2024, at 148 ("[a] hydrate containing ruxolitinib likewise infringes the asserted claims of the '257 patent because ruxolitinib—the product that is claimed—is present in the hydrate.")). Now, Plaintiffs seek a "do over" and have taken the position that the plain and ordinary meaning "does ***not*** include ***hydrates***, solvates, prodrugs, and labelled compounds" when such a position runs counter to the position in their contentions. As Apotex did not change its position in its invalidity contentions,[4] the only logical explanation for Plaintiffs' desire to walk

---

[4] Apotex also served invalidity contentions in the 25-cv-4044 matter that are ***identical*** to the invalidity contentions served in the earlier 24-cv-4366 matter. Thus, Apotex has not, and did not, change is position.

away from their contentions from almost a year ago is that Plaintiffs seek to manufacture this dispute to stretch out the schedule.

As set forth in more detail below, Apotex agrees with Plaintiffs' proposed plain and ordinary meaning for this "disputed" term provided during the parties' claim construction exchanges. Only after Plaintiffs' 11th hour addition to its proposed construction, which is improper as described below, did Apotex object to Plaintiffs' untimely and improper position.

On October 6, Plaintiffs disclosed the following proposed terms for construction:

- "a compound which is 3-Cyclopentyl-3-[4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-lH-pyrazol-1-yl]propanenitrile" ('257 Patent, Claims 1-2)
- "a pharmaceutically acceptable salt" ('257 Patent, Claims 1-2, 4, 6-8; '362 Patent, Claims 1-3, 13, 15)

(Plaintiffs' 10/6/25 L. Pat. R. 4.1(a) disclosure at 2). Apotex did not propose any terms or phrases for construction, and maintained that there are no claim construction disputes. (*See* Apotex's 10/6/25 L. Pat. R. 4.1(a) disclosure).

On October 13, Plaintiffs disclosed the following proposed constructions:

| TERM (CLAIMS) | INCYTE'S PRELIMINARY CONSTRUCTION |
|---|---|
| "a compound which is 3-Cyclopentyl-3-[4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-lH-pyrazol-1-yl]propanenitrile"<br><br>('257 Patent, claim 1) | Plain and ordinary meaning, which is "a compound whose chemical structure is 3-Cyclopentyl-3-[4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl]propanenitrile" |

| | |
|---|---|
| "a pharmaceutically acceptable salt"<br><br>('257 Patent claims 1-8)<br><br>('362 Patent claims 1-21) | Plain and ordinary meaning which is "a derivative of the disclosed compounds wherein the parent compound is modified by converting an existing acid or base moiety to its salt form that is, within the scope of sound medical judgment, suitable for use in contact with the tissues of human beings and animals without excessive toxicity, |
| | irritation, allergic response, or other problem or complication, commensurate with a reasonable benefit/risk ratio." |

(Plaintiffs' 10/13/25 L. Pat. R. 4.2(a) and 4.2(b) disclosure at A-1, A-3, A-4). Apotex agreed with Plaintiffs' proposed plain and ordinary meaning construction, and maintained that there are no claim construction disputes. (*See* Apotex's 10/13/25 L. Pat. R. 4.2(a) disclosure).

On October 20, Plaintiffs disclosed the following revised proposed constructions:

| TERM (CLAIMS) | INCYTE'S PRELIMINARY CONSTRUCTION |
|---|---|
| "a compound which is [3-Cyclopentyl-3-[4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-lH-pyrazol-1-yl]propanenitrile/(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile]"/"(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile"<br><br>('257 Patent, claims 1, 2, 5-8)<br>('362 Patent, claim 1-3, 13, 15, 21)<br>('693 Patent, claims 1-10)<br>('481 Patent, claims 1-28)<br>('013 Patent, claims 1-14) | Plain and ordinary meaning, which is "a compound whose chemical structure is [3-Cyclopentyl-3-[4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl]propanenitrile/(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile]"/"(R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile" |
| "a pharmaceutically acceptable salt"<br><br>('257 Patent claims 1-8)<br><br>('362 Patent claims 1-21) | Plain and ordinary meaning, which is "a derivative of the disclosed compounds wherein the parent compound is modified by converting an existing acid or base moiety to its salt form that is, within the scope of sound medical judgment, suitable for use in contact with the tissues of human beings and animals without excessive toxicity, irritation, allergic response, or other problem or complication, commensurate with a reasonable benefit/risk ratio." |

(Plaintiffs' 10/20/25 L. Pat. R. 4.2(a), 4.2(b), and 4.2(c) disclosure at A-1, A-4, A-5). Apotex, again, agreed with Plaintiffs' plain and ordinary meaning proposed constructions from Plaintiffs' Local Patent Rule disclosures from October 6 and October 13, and maintained that there are no

claim construction disputes. (*See* Apotex's 10/20/25 L. Pat. R. 4.2(a), 4.2(b), and 4.2(c) disclosure).

Plaintiffs' inclusion of a new addition to its proposed claim construction which states "[t]he plain and ordinary meaning of this term does not include hydrates, solvates, prodrugs, and labelled compounds failed to provide the additional" was never included as part of Plaintiffs' L. Pat. R. 4.2 disclosures until Defendant received the draft joint claim construction and prehearing statement including the same. In fact, Plaintiffs did not provide this new construction until late in the evening of October 22 when the JCCS was due on October 24. Such an untimely disclosure is improper. ***First,*** such a shifting sands approach to a party's proposed construction is not only extremely prejudicial to Apotex but also violates the Local Patent Rules in this District and the disclosures required at each step. ***Second,*** any effort to cure the prejudice here would simply prejudice Apotex further by causing a delay in the schedule. *See, e.g., Shire LLC v. Amneal Pharmaceuticals, LLC*, 2013 WL 1932927, at *16-18 (D.N.J. May 7, 2013) (striking expert disclosures where "any other remedy would unduly delay this proceeding"); *Source Search Techs., LLC v. Kayak Software Corp.*, 2014 WL 46769, at *3 (D.N.J. Jan. 6, 2014) ("The Local Patent Rules for the District of New Jersey were created to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." (internal quotation omitted)).

Setting aside the untimeliness of Plaintiffs' disclosure, the parties are in agreement on the plain and ordinary meaning of the two terms proposed by Plaintiffs. Plaintiffs' new, last minute addition to its proposed construction seeks to incorporate a question on the merits of invalidity and infringement into an agreed-upon proposed construction, which is improper. Plaintiffs are

welcome to raise any such merits position during other phases of the case, but such an inquiry here is inappropriate for claim construction proceedings.

**C.      CLAIM TERMS WHOSE CONSTRUCTION WILL BE MOST SIGNIFICANT**

The parties do not believe that there is a claim term that will be most significant to the resolution of the case and whose construction will be case or claim dispositive or substantially conducive to promoting settlement.

**D.      ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING**

**Plaintiffs' Position:**  The parties anticipate that the Court can conduct the *Markman* hearing in two hours, with the time split equally for each side.

**Defendant's Position:**  Apotex does not agree that any *Markman* hearing is necessary as there are no claim terms in dispute for the reasons set forth above.

**E.      IDENTIFICATION OF WITNESSES FOR THE CLAIM CONSTRUCTION HEARING**

The parties do not anticipate calling any witnesses.

Respectfully submitted,                                Date:  October 27, 2025

By:   s/ Sarah A. Sullivan                  By:   s/ Eric I. Abraham
    Charles M. Lizza                              Eric I. Abraham
    Sarah A. Sullivan                           William P. Murtha Jr.
    Alexander L. Callo                        Hill Wallack LLP
    Saul Ewing LLP                                21 Roszel Road
    One Riverfront Plaza, Suite 1520       Princeton, NJ 08540
    Newark, New Jersey 07102-5426     (609) 734-6358
    (973) 286-6700                              eabraham@hillwallack.com
    clizza@saul.com                          wmurtha@hillwallack.com

<u>OF COUNSEL</u>:                             <u>OF COUNSEL</u>:
Corrin N. Drakulich
drakulich@fr.com                            William A. Rakoczy
Christina Brown-Marshall              Kevin E. Warner
brown-marshall@fr.com                 Matthew V. Anderson
FISH & RICHARDSON P.C.            Daniel Sokoloff
1180 Peachtree St., NE                   Wojciech K. Jankiewicz
21st Floor                                      Rakoczy Molino Mazzochi Siwik LLP
Atlanta, GA 30309                        6 West Hubbard Street, Suite 500
Telephone: (404) 892-5005             Chicago, Illinois 60654
                                              (312) 527-2157
Douglas E. McCann
dmccann@fr.com                           *Attorneys for Defendant*
Robert M. Oakes                         *Apotex Inc.*
oakes@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Telephone: (302) 652-5070

Deanna Reichel
reichel@fr.com
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070

*Attorneys for Plaintiffs Incyte*
*Corporation and Incyte Holdings*
*Corporation*